UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Samuel Lopez,
     Plaintiff,

vs.

277 Bedford LLC and
Blank Street INC.,
     Defendants.

**COMPLAINT**

     Plaintiff, SAMUEL LOPEZ ("Plaintiff"), by his undersigned counsel, hereby files this Complaint and sues Defendants, 277 BEDFORD LLC and BLANK STREET INC. ("Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter the "A.D.A") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG").

**JURISDICTION**

     **1)**    This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. et seq., based upon Defendant's violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

     **2)**    Plaintiff currently resides in Brooklyn, New York, and is *sui juris*. Plaintiff is a qualified individual with disabilities under the ADA law. Plaintiff is a paraplegic and is bound to ambulate in a wheelchair.

     **3)**    Defendant, 277 BEDFORD LLC, is a Limited Liability Company and transacts business in the State of New York and within this judicial district. Defendant, 277 BEDFORD LLC, is the owner of the real property which is the subject of this action located on or about at 277 Bedford Avenue, Brooklyn, New York 11211 (hereinafter "Subject Property" or "Facility").

1

4)     Defendant, BLANK STREET INC., is a Domestic Business Corporation and transacts business in the State of New York and within this judicial district. Defendant, BLANK STREET INC., is the lessee and operator of the business known as SPRINGBONE KITCHEN, located at 277 Bedford Avenue, Brooklyn, New York 11211 (hereinafter the "Subject Property" or "Facility").

5)     Plaintiff has visited the Subject Property which forms the basis of this lawsuit on or about the middle of August 2021, again on or about December 17 2022, and on or about October 11, 2023. On both of these occasions, the Plaintiff's ability to ambulate through the entrance of the Subject Property was constrained, hindered, and thwarted by the structural barriers, that which prevented access to the public accommodation. The Plaintiff plans to return to the Subject Property to avail himself of the goods and services offered to the public at the Subject Property, and thereby determine whether the Subject Property has been made ADA compliant. Plaintiff's access to the Facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations offered therein was denied and/or limited because of these disabilities, and Plaintiff will be denied and/or limited in the future unless and until Defendants are compelled to remove the physical barriers to access and ADA violations which exist at the Facility, including but not limited, to those set forth in this Complaint.

6)     Plaintiff lives only several miles from the Defendants' Facility, passes by the Defendants' Facility at least once per week when he is doing errands, visiting family and friends throughout the borough, and looking to eat out. Moreover, the Defendants' Facility is in a neighborhood that Plaintiff dines out two to three times per month. Foremost, Plaintiff has dined at, and in, nearly all of the neighboring restaurants surrounding the subject facility, that are all

without obstructions. Moreover, Plaintiff dines at restaurants on this street about once or twice per month, including but not limited to Black Brick Coffee, Food Sing, Mission Sandwich Social, and Mizu amongst many others; and thereon affirms that he would dine at the Defendant's restaurant and avail himself of the goods and services offered to the public, were it not for the structural barriers inhibiting his ability to enter the subject facility, in direct contravention of Title III of the ADA and provisions under the ADAAG.

7)      The Defendants' Facility is a public accommodation and service establishment, and although required by law to do so, it is not in compliance with the ADA and ADAAG. Plaintiff has visited the Subject Property which forms the basis of this lawsuit and plans to return to the Subject Property to avail himself of the goods and services offered to the public at the Subject Property, and to determine whether the Subject Property has been made ADA compliant. Plaintiff's access to the Facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations offered therein was denied and/or limited because of these disabilities, and Plaintiff will be denied and/or limited in the future unless and until Defendants are compelled to remove the physical barriers to access and ADA violations which exist at the Facility, including but not limited, to those set forth in this Complaint.

8)      Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the Facility. In this instance, Plaintiff visited the Facility and encountered barriers to access at the Facility, engaged barriers, suffered legal harm and injury, and will continue to suffer legal harm and injury as a result of the illegal barriers to access as set forth herein.

9)      Plaintiff visited the Facility and encountered barriers to access at the Facility no less than two times, specifically on or about the middle of August 2021, again on or about December 17 2022, and on or about October 11, 2023, engaged the barriers, suffered legal harm and injury, and will continue to suffer legal harm and injury as a result of the illegal barriers to access as set forth herein. The Plaintiff will continue to dine out in the neighborhood of the Defendants' subject property; specifically plans to visit this subject property this summer with family and friends for a birthday celebration; and will thereon continue to attempt to access the services and facilities at said premises which have been deprived at all times material.

10)     All events giving rise to this lawsuit occurred in the State of New York. Venue is proper in this Court as the premises are located in the Eastern District.

## FACTUAL ALLEGATIONS AND CLAIM

11)     Plaintiff has attempted to access the Facility, but could not do so without severe hardship, because of his disabilities, and the physical barriers to access and ADA violations that exist at the Facility, which restrict and/or limit his access to the goods and services offered at the Facility. The ADA violations are more specifically set forth in this Complaint.

12)     Plaintiff travels through this neighborhood regularly, has partaken of the services offered in nearly all the surrounding public accommodations, and thereon intends to visit the Facility again in the near future in order to utilize all of the goods and services offered therein but will be unable to do so because of the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility that restrict and/or limit his access to the Facility, including those barriers conditions and ADA violations more specifically set forth in this Complaint.

**13)**     Defendants have discriminated against Plaintiff and others with disabilities by denying access to, and full and equal enjoyment of the goods and services of the Facility, as prohibited by 42 U.S.C., § 12182, *et.seq.*, and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv), and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the Facility, including those specifically set forth herein, and make the Facility accessible to and usable by persons with disabilities, including Plaintiff.

**14)**     Defendants have discriminated against Plaintiff by failing to comply with the above requirements. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations, which preclude and/or limit Plaintiff's ability to access the Facility and full and equal enjoyment of the goods, services offered at the Facility include:

i.     Inaccessible entrance.

ii.     Accessible route to establishment not provided as required.

iii.     Accessible means of egress not provided as required.

iv.     Existing step at entrance acts as a barrier to accessibility.

v.     Required ramp not provided for step at entrance.

ADAAG 206 Accessible Routes ADAAG 206.1 General.

Accessible routes shall be provided in accordance with 206 and shall comply with Chapter 4.

ADAAG 206.2 Where Required.

Accessible routes shall be provided where required by 206.2.

ADAAG 206.2.1 Site Arrival Points.

At least one accessible route shall be provided within the site from accessible parking spaces and accessible passenger loading zones; public streets and sidewalks; and public transportation stops to the accessible building or facility entrance they serve.

ADAAG 206.4 Entrances.

Entrances shall be provided in accordance with 206.4. Entrance doors, doorways, and gates shall comply with 404 and shall be on an accessible route complying with 402.

ADAAG 207 Accessible Means of Egress ADAAG 207.1 General.

Means of egress shall comply with section 1003.2.13 of the International Building Code (2000 edition and 2001 Supplement) or section 1007 of the International Building Code (2003 edition) (incorporated by reference, "Referenced Standards" in Chapter 1).

ADAAG 402 Accessible Routes ADAAG 402.1 General.

Accessible routes shall comply with 402.

ADAAG 402.2 Components.

Accessible routes shall consist of one or more of the following components: walking surfaces with a running slope not steeper than 1:20, doorways, ramps, curb ramps excluding the flared sides, elevators, and platform lifts. All components of an accessible route shall comply with the applicable requirements of Chapter 4.

ADAAG 403 Walking Surfaces ADAAG 403.4 Changes in Level. Changes in level shall comply with 303

ADAAG 303.4 Ramps.

Changes in level greater than ½ inch high shall be ramped, and shall comply with 405 or 406.

vi.   Required minimum maneuvering clearance not provided at entrance door.

vii.  Non-compliant change in floor level within required maneuvering clearance at entrance door.

ADAAG 206 Accessible Routes ADAAG 206.1 General.

Accessible routes shall be provided in accordance with 206 and shall comply with Chapter 4.

ADAAG 206.2 Where Required.

Accessible routes shall be provided where required by 206.2.

ADAAG 206.2.1 Site Arrival Points.

At least one accessible route shall be provided within the site from accessible parking spaces and accessible passenger loading zones; public streets and sidewalks; and public transportation stops to the accessible building or facility entrance they serve.

ADAAG 206.4 Entrances.

Entrances shall be provided in accordance with 206.4. Entrance doors, doorways, and gates shall comply with 404 and shall be on an accessible route complying with 402.

ADAAG 206.4.1 Public Entrances.

In addition to entrances required by 206.4.2 through 206.4.9, at least 60 percent of all public entrances shall comply with 404.

ADAAG 207 Accessible Means of Egress ADAAG 207.1 General.

Means of egress shall comply with section 1003.2.13 of the International Building Code (2000 edition and 2001 Supplement) or section 1007 of the International Building Code (2003 edition) (incorporated by reference, "Referenced Standards" in Chapter 1)

ADAAG 404.2.4 Maneuvering Clearances.

Minimum maneuvering clearances at doors and gates shall comply with 404.2.4.

Maneuvering clearances shall extend the full width of the doorway and the required latch side or hinge side clearance.

ADAAG 404.2.4.4 Floor or Ground Surface.

Floor or ground surface within required maneuvering clearances shall comply with 302. Changes in level are not permitted.

viii.    Inaccessible dining counter.

ix.    Non-compliant height of dining counter exceeds maximum height allowance.

x.    Required minimum knee and toe clearance not provided at dining counter. Portion of dining counter required to be accessible not provided.

ADAAG 226 Dining Surfaces and Work Surfaces ADAAG 226.1 General.

Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.

ADAAG 902 Dining Surfaces and Work Surfaces ADAAG 902.1 General.

Dining surfaces and work surfaces shall comply with 902.2 and 902.3.

Advisory 902.1 General.

Dining surfaces include, but are not limited to, bars, tables, lunch counters, and booths.

ADAAG 902.2 Clear Floor or Ground Space.

A clear floor space complying with 305 positioned for a forward approach shall be provided. Knee and toe clearance complying with 306 shall be provided.

ADAAG 902.3 Height.

The tops of dining surfaces and work surfaces shall be 28 inches (710 mm) minimum and 34 inches (865 mm) maximum above the finish floor or ground.

ADAAG 306.2 Toe Clearance.

ADAAG 306.2.3 Minimum Required Depth.

Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element.

ADAAG 306.2.5 Width.

Toe clearance shall be 30 inches (760 mm) wide minimum.

ADAAG 306.3 Knee Clearance.

ADAAG 306.3.3 Minimum Required Depth.

Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground.

ADAAG 306.3.5 Width.

Knee clearance shall be 30 inches (760 mm) wide minimum.

xi.  Compliant signage identifying the restroom not provided as required.

ADAAG 216 Signs ADAAG 216.1 General.

Signs shall be provided in accordance with 216 and shall comply with 703.

ADAAG 216.2 Designations.

Interior and exterior signs identifying permanent rooms and spaces shall comply with 703.1, 703.2, and 703.5. Where pictograms are provided as designations of permanent interior rooms and spaces, the pictograms shall comply with 703.6 and shall have text descriptors complying with 703.2 and 703.5.

Advisory 216.2 Designations.

Section 216.2 applies to signs that provide designations, labels, or names for interior rooms or spaces where the sign is not likely to change over time. Examples include interior signs labeling restrooms, room and floor numbers or letters, and room names. Tactile text descriptors are required for pictograms that are provided to label or identify a permanent room or space.

Pictograms that provide information about a room or space, such as "no smoking," occupant logos, and the International Symbol of Accessibility, are not required to have text descriptors.

ADAAG 703.1 General.

Signs shall comply with 703. Where both visual and tactile characters are required, either one sign with both visual and tactile characters, or two separate signs, one with visual, and one with tactile characters, shall be provided.

ADAAG 703.4.1 Height Above Finish Floor or Ground.

Tactile characters on signs shall be located 48 inches (1220 mm) minimum above the finish floor or ground surface, measured from the baseline of the lowest tactile character and 60 inches (1525 mm) maximum above the finish floor or ground surface, measured from the baseline of the highest tactile character.

ADAAG 703.4.2 Location.

Where a tactile sign is provided at a door, the sign shall be located alongside the door at the latch side. Where a tactile sign is provided at double doors with one active leaf, the sign shall be located on the inactive leaf. Where a tactile sign is provided at double doors with two active leafs, the sign shall be located to the right of the right hand door. Where there is no wall space at the latch side of a single door or at the right side of double doors, signs shall be located on the nearest adjacent wall. Signs containing tactile characters shall be located so that a clear floor space of 18 inches (455 mm) minimum by 18 inches (455 mm) minimum, centered on the tactile characters, is provided beyond the arc of any door swing between the closed position and 45 degree open position.

xii.   Required minimum clear width not provided at sliding door at restroom.

ADAAG 206 Accessible Routes ADAAG 206.1 General.

Accessible routes shall be provided in accordance with 206 and shall comply with Chapter 4.

ADAAG 402 Accessible Routes ADAAG 402.1 General.

Accessible routes shall comply with 402.

ADAAG 402.2 Components.

Accessible routes shall consist of one or more of the following components: walking surfaces with a running slope not steeper than 1:20, doorways, ramps, curb ramps excluding the flared sides, elevators, and platform lifts. All components of an accessible route shall comply with the applicable requirements of Chapter 4.

ADAAG 404.2.3 Clear Width.

Door openings shall provide a clear width of 32 inches (815 mm) minimum. Clear openings of doorways with swinging doors shall be measured between the face of the door and the stop, with the door open 90 degrees.

xiii.   Required grab bars not provided on rear and side walls of water closet in restroom.

ADAAG 604 Water Closets and Toilet Compartments

9

ADAAG 604.5 Grab Bars.

Grab bars for water closets shall comply with 609.

Grab bars shall be provided on the side wall closest to the water closet and on the rear wall.

xiv.   Inaccessible flush control at water closet in restroom.

xv.   Non-compliant position of flush control located at closed side of water closet in restroom.

ADAAG 604 Water Closets and Toilet Compartments.

ADAAG 604.6 Flush Controls.

Flush controls shall be hand operated or automatic. Hand operated flush controls shall comply with 309. Flush controls shall be located on the open side of the water closet except in ambulatory accessible compartments complying with 604.8.2.

xvi.   Inaccessible lavatory in restroom.

xvii.   Required minimum clear floor space not provided at lavatory in restroom.

ADAAG 606 Lavatories and Sinks.

ADAAG 606.2 Clear Floor Space.

A clear floor space complying with 305, positioned for a forward approach, and knee and toe clearance complying with 306 shall be provided.

ADAAG 305.3 Size.

The clear floor or ground space shall be 30 inches (760 mm) minimum by 48 inches (1220 mm) minimum.

xviii.   Required minimum knee and toe clearance not provided at lavatory in restroom.

ADAAG 606 Lavatories and Sinks.

ADAAG 606.2 Clear Floor Space.

A clear floor space complying with 305, positioned for a forward approach, and knee and toe clearance complying with 306 shall be provided.

ADAAG 306.2 Toe Clearance.

ADAAG 306.2.3 Minimum Required Depth.

Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element.

ADAAG 306.2.5 Width.

Toe clearance shall be 30 inches (760 mm) wide minimum.

10

ADAAG 306.3 Knee Clearance.

ADAAG 306.3.3 Minimum Required Depth.

Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground.

ADAAG 306.3.5 Width.

Knee clearance shall be 30 inches (760 mm) wide minimum.

xix. Inaccessible hand soap dispenser in restroom.

xx. Required clear floor space not provided beneath lavatory which acts as an obstruction at forward reach towards lavatory

xxi. Non compliant mounted height of hand soap dispenser in restroom exceeds maximum height allowance.

ADAAG Advisory 606.1 General.

If soap and towel dispensers are provided, they must be located within the reach ranges specified in 308.

ADAAG 308.2 Forward Reach.

ADAAG 308.2.2 Obstructed High Reach.

Where a high forward reach is over an obstruction, the clear floor space shall extend beneath the element for a distance not less than the required reach depth over the obstruction. The high forward reach shall be 48 inches maximum where the reach depth is 20 inches maximum. Where the reach depth exceeds 20 inches, the high forward reach shall be 44 inches maximum and the reach depth shall be 25 inches maximum.

xxii. Inaccessible paper towel dispenser in restroom.

xxiii. Non compliant mounted height of paper towel dispenser in restroom exceeds maximum height allowance.

ADAAG Advisory 606.1 General.

If soap and towel dispensers are provided, they must be located within the reach ranges specified in 308.

ADAAG 308.2 Forward Reach. ADAAG 308.2.1 Unobstructed.

Where a forward reach is unobstructed, the high forward reach shall be 48 inches maximum and the low forward reach shall be 15 inches minimum above the finish floor or ground.

ADAAG 308.2.2 Obstructed High Reach.

11

Where a high forward reach is over an obstruction, the clear floor space shall extend beneath the element for a distance not less than the required reach depth over the obstruction. The high forward reach shall be 48 inches maximum where the reach depth is 20 inches maximum. Where the reach depth exceeds 20 inches, the high forward reach shall be 44 inches maximum and the reach depth shall be 25 inches maximum.

ADAAG 308.3 Side Reach. ADAAG 308.3.1 Unobstructed.

Where a clear floor or ground space allows a parallel approach to an element and the side reach is unobstructed, the high side reach shall be 48 inches maximum and the low side reach shall be

15 inches minimum above the finish floor or ground.

ADAAG 308.3.2 Obstructed High Reach.

Where a clear floor or ground space allows a parallel approach to an element and the high side reach is over an obstruction, the height of the obstruction shall be 34 inches maximum and the depth of the obstruction shall be 24 inches maximum. The high side reach shall be 48 inches maximum for a reach depth of 10 inches maximum. Where the reach depth exceeds 10 inches, the high side reach shall be 46 inches maximum for a reach depth of 24 inches maximum.

xxiv.   Inaccessible mirror in restroom.

xxv.   Non compliant mounted height of mirror in restroom exceeds maximum height allowance.

ADAAG 603.3 Mirrors.

Mirrors located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 40 inches (1015 mm) maximum above the finish floor or ground.

Mirrors not located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 35 inches (890 mm) maximum above the finish floor or ground.

15)   The above listing is not to be considered all-inclusive of the barriers which exist at the Facility. Plaintiff requires an inspection of the Facility in order to determine all of the ADA violations.

16)   The removal of the physical barriers, dangerous conditions, and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much

difficulty or expense. 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R, § 36.304.

**17)**    Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

**18)**    The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

**19)**    Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the Facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing is discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the Facility until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

Respectfully submitted

BARDUCCI LAW FIRM, PLLC
5 West 19th Street, 10th Floor
New York, NY 10011
(212) 433-2554

13

By:   s/ Maria-Costanza Barducci
      Maria-Costanza Barducci, Esq.
         *Attorney for Plaintiff*
      Bar No. 5070487
      MC@BarducciLaw.com